David R. Wright (Utah Bar. No. 5164)
Michael J. Howell (Utah Bar. No. 11672)
**MASCHOFF BRENNAN**
201 South Main Street, Ste. 600
Salt Lake City, UT 84111
Telephone: (435) 252-1360
Facsimile:  (435) 252-1361
E-mail:*dwright@mabr.com*
*mhowell@mabr.com*

Karineh Khachatourian (*Admitted Pro Hac Vice*)
Daniel T. McCloskey (*Admitted Pro Hac Vice*)
Patrick S. Salceda (*Admitted Pro Hac Vice*)
David T. Xue, Ph.D. (*Admitted Pro Hac Vice*)
**DUANE MORRIS**
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: (650) 847-4145
Facsimile: (650) 618-2075
Email:  *karinehk@duanemorris.com*
*DTMcCloskey@duanemorris.com*
*PSalceda@duanemorris.com*
*DTXue@duanemorris.com*

*Attorneys for Defendants GoPro, Inc. and Campsaver, LLC,*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CONTOUR, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., a Delaware corporation, CAMP SAVER, LLC, a Utah limited liability company, dba CAMPSAVER.COM, and DOES 1-500,<br><br>Defendants. | **GOPRO AND CAMPSAVER'S JOINT MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT AND WILLFUL INFRINGEMENT AND MEMORANDUM IN SUPPORT**<br><br>Civil No. 2:14-cv-00864-PMW-CW-DBP<br><br>Judge Clark Waddoups<br>Magistrate Judge Dustin B. Pead |

**I.     RELIEF SOUGHT AND GROUNDS FOR MOTION**

Defendants GoPro, Inc. ("GoPro") and Campsaver, LLC ("Campsaver") (collectively, "Defendants") respectfully and jointly move the Court for an Order pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff Contour, LLC's claims for indirect infringement on the grounds that (a) Plaintiff's Supplemental and Second Amended Complaint fails to plead facts plausibly showing that Defendants had pre-suit knowledge of the Patents-in-Suit or specifically intended to induce or contribute to infringement, or even that direct infringement has occurred, as required to state such claims; and (b) dismissing Plaintiff's claims for willful infringement because the Supplemental and Second Amended Complaint fails to plead facts plausibly showing that Defendants had the requisite pre-suit knowledge of the Patents-in-Suit and are otherwise barred.

**II.     INTRODUCTION**

Contour, LLC ("Contour" or "Plaintiff") has amended its complaint twice yet still has not and cannot plead facts to state plausible claims that either GoPro or Campsaver has committed indirect or willful infringement. These claims should be dismissed because they are not supported by factual allegations demonstrating a "plausible right to relief," as required by controlling precedent including *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Contour accuses GoPro and Campsaver of inducement and contributory infringement even though Contour did not and cannot plead that Defendants had actual knowledge of either U.S. Patent No. 8,890,954 (the "'954 Patent") or No. 8,896,694 (the "'694 Patent") (collectively, the "Patents-in-Suit"), prior to suing them for infringement. As such pre-suit knowledge is a prerequisite to any indirect or willful infringement claim, these claims should be dismissed.

2

Indeed, while Contour's allegations against GoPro are conclusory and insufficient, the specific allegations against Campsaver are non-existent. It appears that Contour sued Campsaver, a small, local retailer, simply to try to create a basis for jurisdiction and venue in this district. Defense counsel has tried to work with Contour to have Campsaver dismissed from this case, but tellingly, Contour was unwilling to do so without GoPro waiving its right to transfer this action to a more convenient forum.

It follows that without the requisite knowledge of the Patents-in-Suit, Defendants cannot have formed the specific intent to induce the alleged infringement, nor could Defendants have known they had induced infringing acts – either of which is absolutely necessary to state a claim under applicable law. As Contour does not plead facts demonstrating specific intent or knowledge against either of the Defendants, this omission is fatal to Contour's pleading. Similarly, Contour's contributory infringement claims fail because Contour has not alleged any facts that either GoPro or Campsaver knew of the Patents-in-Suit and that the combination at issue (which is insufficiently pleaded) infringed.

Finally, Contour's claims that Defendants willfully infringed the Patents-in-Suit are fatally deficient, as there are no facts to show GoPro had pre-suit knowledge of the patents and no basis for alleging willfulness based on alleged post-suit infringement. Accordingly, for the reasons further explained below, Defendants respectfully requests that the Court dismiss Contour's indirect and willful infringement claims, with prejudice.

### III.   FACTUAL/PROCEDURAL HISTORY

On November 25, 2014, the very same day one of the two patents in this case was issued, Contour filed suit against Campsaver and Does 1-500, alleging direct and indirect infringement

of the Patents-in-Suit and violations of the Utah Unfair Competition Act. Dkt No. 2 [Complaint].

On January 5, 2015, Contour filed a First Amended Complaint (the "FAC"), adding GoPro as a defendant. *See* Dkt. No. 4 [FAC]. In the FAC, Contour's second and third claims alleged that GoPro and Campsaver induced and contributed, respectively, to the infringement of the '954 Patent. *See id*., ¶¶ 43-54. Contour's fifth and sixth claims alleged that GoPro and Campsaver induced and contributed, respectively, to the infringement of the '694 Patent. *See id*., ¶¶ 66-77. Contour further alleged that GoPro's infringement has been willful. *See id*., ¶¶ 41, 48, 54, 65, 71 and 77.

Despite its allegations of indirect and willful infringement, the FAC contained no facts to show that Defendants had pre-suit knowledge of either of the Patents-in-Suit, as required to state such claims. Nor did the FAC contain any facts to plausibly show that Defendants had the required specific intent to induce infringement. The FAC did not name or identify any components that are a material part of the claimed invention, nor did it contain factual allegations that any components at issue lacked substantial non-infringing uses, as required for contributory infringement. Nor did the FAC contain facts to support its claim that Defendants willfully infringed.

On February 3, 2015, GoPro notified Contour in writing of the numerous pleading deficiencies in the FAC. *See* Dkt. No. 19-2. Among other things, GoPro explained that the FAC failed to plead facts showing that GoPro had knowledge of the Patents-in-Suit before the action was commenced or intended to induce or contribute to infringement. *See id*. GoPro requested dismissal of the claims. *See id*.

Subsequently, on February 17, 2015, Contour filed a Motion for Leave to Amend and Supplement First Amended Complaint and Supporting Memorandum (the "Motion to Amend"), which was granted on March 26, 2015. *See* Dkt. Nos. 19 and 28. Contour's Motion to Amend was ostensibly to permit Contour to drop its claim for violations of the Utah Unfair Competition Act and to try to allege post-suit knowledge by GoPro of the Patents-in-Suit.

On March 27, 2015, Contour filed its Supplemental and Second Amended Complaint ("SSAC") against GoPro and Campsaver. *See* Dkt. No. 29. The SSAC maintains Contour's fatally deficient allegations of indirect and willful infringement, with no non-conclusory facts to show a basis for these claims, as required by the Federal Circuit and this Court's rulings. As to knowledge of the Patents-in-Suit, Contour only asserts that "since at least January 5, 2015, GoPro had actual notice of the [Patents-in-Suit]…" Dkt. No. 29 [SSAC], ¶ 17. This date coincides with the filing and alleged service of the FAC, Contour's first pleading that named GoPro as a defendant (*see id*., ¶¶ 15-16), and is expressly Contour's sole basis for alleging the knowledge required to show indirect and willful infringement. *See id*., ¶¶ 44-46. Contour also fails to allege facts to plausibly suggest that GoPro had the requisite specific intent and action to induce infringement of the Patents-in-Suit. Contour makes only bare conclusory assertions that GoPro "continue[s] to take numerous active steps to encourage and aid and abet others' direct infringement of the [Patents-in-Suit]." *Id.,* ¶¶ 59, 79.

Notably, the SSAC does not make <u>any</u> specific allegations as to Campsaver's knowledge of the Patents-in-Suit or when Contour contends Campsaver learned of them. Further many of the general allegations in the SSAC that purport to relate to claims for indirect and willful infringement refer to GoPro alone, and not Campsaver. *See e.g., id*., ¶¶ 44-46. The absence of

any such detailed allegations further suggests that Campsaver was included in this suit for the improper purpose to try to maintain jurisdiction and venue here, i.e., to forum shop.

Further, the SSAC does not name or identify any components that are a material part of the claimed invention, nor does it contain any allegations that any components at issue lacked substantial non-infringing uses, as required for contributory infringement. Indeed, the SSAC does not even allege what the claimed invention is, much less how the components are a material part of the claimed invention, even though these are required to plead claims of contributory infringement.

## IV. ARGUMENT

### A. Legal Standards Governing this Motion

This Court has confirmed that, in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the general pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to claims of indirect infringement in patent cases. *See Driessen v. Sony Music Entm't*, 904 F. Supp. 2d 1196, 1201 (citing *In re Bill of Lading*, 681 F.3d 1323, 1336–37 (Fed.Cir. 2012)). Thus, in order for claims of indirect infringement to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead facts that, when assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff must then plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted.)

Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Twombly*, 550 U.S. at 555 ("[w]hile

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ..., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (citation omitted)).

> **B.** **Plaintiff Fails to Plead Any Facts Showing that GoPro Knew of the Patents-in-Suit or Specifically Intended to Induce Infringement**

Liability for induced infringement under 35 U.S.C. § 271(b) may be found when a defendant "actively induces infringement of a patent." Induced infringement requires "knowledge that the induced acts constitute patent infringement." *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed.Cir. 2012) (citations omitted). This Court recently summarized the elements of a cause of action for induced infringement:

> Stated succinctly … liability for induced infringement is … premised on a showing that (1) the alleged inducer knew of the patent, (2) it induced the performance of the steps of the [technology] claimed in the patent …, and (3) those steps were performed such that an actual infringement occurred.

*Skipprint, LLC v. RASTAR, Inc.*, No. 2:13–CV–00039, 2013 WL 4430873, at *2 (D. Utah 2013). Additionally, the Federal Circuit has held that pleading a claim for induced infringement requires a plaintiff's complaint to "contain facts plausibly showing that [a defendant] specifically intended their customers to infringe the [ ] patent and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339. Contour has failed to plead sufficient facts to support a reasonable inference of any of these elements.

With respect to the first element -- knowledge of the patent -- Contour only asserts that "since at least January 5, 2015, GoPro had actual notice of the [Patents-in-Suit]…" Dkt. No. 29

7

[SSAC], ¶ 17.[1] This is insufficient because January 5, 2015 is the date Contour filed suit against GoPro. To the extent Contour seeks to use the filing of this action to satisfy the knowledge requirement for induced or contributory infringement, its claims must fail, consistent with the ruling of many other district courts that have considered similar claims. *See Proxyconn, Inc. v. Microsoft Corp.*, No. SACV 11–1681 DOC (ANx), 2012 WL 1835680, at *6 (C.D. Cal. May 16, 2012) (affirming that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (dismissing indirect infringement claim because plaintiff alleged only the defendants had knowledge of the patent "at least since the date of the suit"); *Mallinckrodt, Inc. v. E–Z–Em Inc.,* 670 F. Supp. 2d 349, 354 (D. Del. 2009) (same); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.,* C11–04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012) (dismissing indirect infringement claim because plaintiff "has not alleged any facts to suggest that Defendants ... had knowledge of the '427 Patent prior to the filing of the Complaint."); *McRee v. Goldman,* 11–CV–00991–LHK, 2011 WL 4831199, at *4–5 (N.D. Cal. Oct. 12, 2011) (dismissing indirect infringement claim because the complaint "does not allege that [defendants] knew of Plaintiff's 269 Patent" at the time of the defendants' alleged acts of inducement); *Fujitsu Ltd. v. Belkin Int'l, Inc.,* 782 F. Supp. 2d 868, 892 (N.D. Cal. 2011) (dismissing induced infringement claim because complaint "only alleged in conclusory terms that the defendants have received notice of the patents").

---

[1] As noted, the SSAC does not make <u>any</u> specific allegations as to Campsaver's knowledge of the Patents-in-Suit or when Contour contends Campsaver learned of them. Further, many of the general allegations in the SSAC that purport to relate to claims for indirect and willful infringement refer to GoPro alone, and not Campsaver. *See e.g., id.*, ¶¶ 44-46. On this ground alone, Contour's claims for indirect and willful infringement against Campsaver should be dismissed for failing to state a claim.

Contour also fails to allege facts sufficient to support a reasonable inference that GoPro or Campsaver had the requisite specific intent to induce infringement of the Patents-in-Suit. It only makes conclusory allegations that GoPro "has induced and continues to induce others … to directly infringe the [Patents-in-Suit] by requiring one or more of the Doe Defendants to manufacture, use, sale [sic] and/or offer for sale the infringing products." Dkt. No. 29 [SSAC], ¶17. These threadbare, conclusory allegations are devoid of any facts and are insufficient to show the required facts demonstrating that GoPro specifically intended others to infringe. *See DSU Medical v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed.Cir. 2006) (en banc) ("knowledge of the acts alleged to constitute infringement is not enough" to satisfy the knowledge requirement.) (citations and quotations omitted.)

Regarding the second element of induced infringement -- inducement of the steps of the technology claimed in the patent -- Contour makes only bare conclusory assertions that "GoPro and one or more of the other Defendants continue[s] to take numerous active steps to encourage and aid and abet others' direct infringement of the [Patents-in-Suit]." Dkt. No. 29 [SSAC], ¶¶ 59, 79. Contour contends that these "active steps" include "encouraging others to manufacture, use, sell or resell infringing products, advertising the availability of infringing products for purchase, advertising infringing uses and/or instructing how to engage in infringing uses of the infringing products (*e.g.*, on websites, Facebook pages, product manuals and other media), demonstrating and recommending infringing configurations and uses, and providing instructions and answering questions on infringing uses." *Id*. Absent from the SSAC is a single factual allegation regarding how the Patents-in-Suit are infringed. Contour essentially pleads that

9

Defendants actively induce infringement by instructing others how to engage in infringing uses without the barest factual explanation, which is insufficient to state a claim.

There is not a single fact in the SSAC explaining how Contour believes the accused GoPro products infringe the Patents-in-Suit. Indeed, Contour does not identify a single alleged infringing use, an advertisement or website which includes instructions on how to use the camera in an infringing manner, who the "others" are, and how they are using the cameras in an allegedly infringing manner. Contour provides no factual allegations whatsoever explaining what it considers to be an infringing use of the GoPro products. Contour's allegations are insufficient to satisfy its pleading requirements under *Iqbal* and *Twombly*.

Finally, Contour fails to include any factual allegations to support a reasonable inference that direct infringement has occurred. Contour's only allegation regarding direct infringement is conclusory, alleging that unspecified Doe Defendants such as end users, endorsers, suppliers, distributors, and resellers directly infringe, but failing to explain how. *See* Dkt. No. 29 [SSAC], ¶ 22. In short, Contour never alleges any facts identifying what constitutes an alleged infringing use. As conclusory allegations are insufficient, Contour's claim for induced infringement fails and must be dismissed.

### C. Plaintiff Fails to Plead Any Facts Plausibly Showing that GoPro Has Committed Contributory Infringement

Under 35 U.S.C. § 271(c), a party may be liable for contributory infringement if it "offers to sell or sells within the United States or imports into the United States a component of a patented [invention] …, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use…" The Federal

Circuit has held that to state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337 (citations omitted). Thus, "[w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *Id. at* 1338. For contributory infringement, "a substantial non-infringing use is any use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id*. at 1337.

In addition, the Federal Circuit has confirmed that pre-suit knowledge is necessary to successfully assert a claim for contributory infringement. *See e.g. Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed.Cir. 2010) (citations omitted). A plaintiff must establish that the defendant has specific knowledge that the combination for which its component was especially designed was both patented and infringing. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011).

As noted, the SSAC fails to plead any factual allegations to show that GoPro had pre-suit knowledge of either of the Patents-in-Suit and knew that the combination at issue is infringing. The SSAC instead expressly pleads that GoPro's knowledge of the Patents-in-Suit coincides with the date Contour filed this suit, January 5, 2015. *See* Dkt. No. 29 [SSAC], ¶ 17. Contour does not plead any facts to show that Campsaver had pre-suit knowledge, nor does it even plead that Campsaver had knowledge as of the date of the filing of this action. On that basis alone, Contour's claims for contributory infringement fail and must be dismissed.

Even setting aside that fatal deficiency, the SSAC fails to plead any facts to support its contributory infringement claims, and instead relies on threadbare and conclusory recitals of

11

some of the required elements for contributory infringement. For example, Contour includes a conclusory allegation that Defendants "offer to sell and sell components that are a material part of the claimed invention and which have non substantial non-infringing uses, knowing that the components are especially made or especially adapted for use in a direct infringement of the [Patents-in-Suit]." Dkt. No. 29 [SSAC], ¶¶ 63, 83. But there is not a single fact anywhere in the SSAC that supports a reasonable inference that the unnamed and unidentified "components" are a "material part" of the claimed invention. Indeed, the SSAC does not even allege what the "claimed invention" is, much less how the "components" are a material part of it. Further, Contour never pleads any facts alleging how the "cameras, camera accessories and/or GoPro App" are used in an infringing manner or have no substantial non-infringing uses.

Contour also alleges, in a similarly unsustainable conclusory fashion, that the "GoPro cameras with wireless capability are especially made and/or especially adapted for use with the claimed invention of at least one claim of the [Patents-in-Suit] and are not a staple article or commodity of commerce suitable for substantial non-infringing use." *Id*., ¶ 27 Contour never pleads *any* facts demonstrating that it is reasonable to infer that the accused cameras are not suitable for substantial non-infringing uses. For example, the accused GoPro cameras can be used to take pictures by pressing a button on the top of the camera. Although Contour never identifies what use constitutes an "infringing use" in its SSAC, surely using an accused GoPro camera to take pictures by pressing a button on top of the camera is not an "infringing use," and thus there are substantial non-infringing uses for the accused GoPro cameras. Such conclusory allegations and threadbare recitals of the elements of a claim for contributory infringement cannot support Contour's causes of action for contributory infringement.

Finally, Contour's allegations of contributory infringement must be dismissed because Contour concedes in its pleading that the unnamed and unidentified accused GoPro products have substantial non-infringing uses. Contour alleges that GoPro "and one or more of the Defendants" advertises and instructs "how to engage in infringing uses of the infringing products..." Dkt. No. 29 [SSAC], ¶¶ 59, 79. A reasonable inference drawn from this allegation is that that there must be non-infringing uses of the accused products. If there were not substantial non-infringing uses, why would GoPro and others need to advertise or instruct users how to engage in infringing uses? The Federal Circuit's holding in *In re Bill of Lading* is equally applicable here, and compels the same result--dismissal. *See id*. (dismissing contributory infringement claim where plaintiff's "own allegations make clear that they can be used for multiple other purposes").

In view of the foregoing, the pleading deficiencies in Contour's claims for contributory infringement are fatal. Accordingly, Contour's third and sixth claims for contributory infringement must be dismissed.

### D. Contour's Willfulness Allegations Must be Dismissed.

A claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

Contour's willfulness allegations must be dismissed because Contour has failed to allege that Defendants had the requisite pre-suit knowledge of either of the Patents-in-Suit to show

willful infringement. With respect to GoPro's alleged continued willful infringement after January 5, 2015, the date that GoPro allegedly learned of the Patents-in-Suit, Contour's willfulness allegations must be dismissed because they are still mere boilerplate, and contain no facts to plausibly state a claim for willfulness.

To comport with the requirements of Federal Rule of Civil Procedure 11, allegations of willfulness in an original complaint "must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *See Seagate*, 497 F.3d at 1374; *see also Rembrandt Social Media LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 884 (E.D. Va. 2013) (holding that "Federal Circuit authority makes clear that an allegation of willful infringement must depend upon pre-suit knowledge of the patent in issue.") The SSAC includes no allegations that support a reasonable inference that GoPro or Campsaver had the requisite pre-suit knowledge of the Patents-in-Suit to support Contour's willfulness allegations.

The Patents-in-Suit issued on November 18, 2014 and November 25, 2014, respectively. *See* Dkt. No. 29, ¶¶ 13, 14. Contour filed its original complaint on November 25, 2014 -- the same date that the '694 Patent issued. *See* Dkt. No. 2. Under these circumstances, it is not plausible (nor are any facts alleged to explain how it could be plausible) that any party could willfully infringe a patent that issued on the same day that suit was filed for infringement. Regardless, the SSAC alleges that GoPro did not learn of the Patents-in-Suit until at the latest, January 5, 2015 -- the date GoPro was allegedly served with the FAC. *See* Dkt. No. 29, ¶ 17; Dkt. No. 7 [Return of Service]. If Contour had a good faith basis to allege that GoPro or Campsaver had knowledge of the Patents-in-Suit at an earlier time, it could have and surely would have included those allegations in its pleadings. As other courts have recognized, if pre-

suit knowledge were not required to show willful infringement, this "would lead to the anomalous result that every lawsuit alleging infringement could include a willful infringement claim based on simply the filing or the serving of the complaint." *Rembrandt Social Media*, 950 F. Supp. 2d at 884. Thus, Contour's willfulness claim fails as a matter of law.

To the extent that Contour argues that GoPro and Campsaver's alleged, post-suit continued infringement supports a claim for willful infringement, Contour is mistaken. Indeed, many courts have recognized that there simply is no authority for basing a willfulness claim on post-filing conduct alone, as Contour seeks to do here. *See e.g.*, *Rembrandt*, 950 F. Supp. 2d at 884 ("Not surprisingly, the parties cite no case, and none has been found, in which post-suit knowledge was held sufficient to support a claim for willful infringement."); and *LML Holdings, Inc. v. Pacific Coast Distributing, Inc.*, No. 11cv06173, WL 1965878, at *5 (N.D. Cal. May 30, 2012) (noting that plaintiff there could not "cite a single case in which the fact that a suit was filed was grounds for a finding that an infringer's post-filing conduct ... [was] willful[ ]").

Even if post-filing knowledge of the patent could support a willfulness claim, Contour still alleges no facts, beyond alleged knowledge of the patent from this suit, to support willful infringement. Nowhere does Contour plead any specific facts that could plausibly show that GoPro or Campsaver "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known" to GoPro, as required. *See Seagate,* 497 F.3d at 1371. Accordingly, Contour's willfulness claim must be dismissed. *See Chalumeau Power Sys., LLC v. Alcatel Lucent*, No. 11–1175–RGA, 2012 WL 6968938, at * 2 (finding that allegations grounded in knowledge

provided by lawsuit filing failed to state facts meeting *Seagate* standard for willful infringement, and dismissing claims).

In sum, Contour's allegations of willful infringement based upon pre-filing conduct must be dismissed because Contour has not and cannot allege facts establishing that GoPro or Campsaver knew of the Patents-in-Suit before this case was filed. To the extent that Contour's willfulness claim is based on GoPro's alleged post-suit continued infringement, the claim must also be dismissed because Contour cannot base has failed to allege any facts to plausibly show willful infringement.

## V.    CONCLUSION

Given the absence of any facts to plausibly support Contour's claims of indirect and willful infringement, Defendants respectfully requests that the Court dismiss Contour's second, third, fifth, and sixth causes of action for indirect infringement, and its claims for willful infringement, with prejudice.

Dated: April 27, 2015                                          Respectfully submitted,

/s/ *David R. Wright*
David R. Wright
Michael J. Howell
MASCHOFF BRENNAN
Counsel for GOPRO, INC.