David R. Wright (Utah Bar. No. 5164)
Michael J. Howell (Utah Bar. No. 11672)
**MASCHOFF BRENNAN**
201 South Main Street, Ste. 600
Salt Lake City, UT 84111
Telephone: (435) 252-1360
Facsimile: (435) 252-1361
E-mail: dwright@mabr.com
        mhowell@mabr.com

Karineh Khachatourian (*Admitted Pro Hac Vice*)
Daniel T. McCloskey (*Admitted Pro Hac Vice*)
Patrick S. Salceda (*Admitted Pro Hac Vice*)
David T. Xue, Ph.D. (*Admitted Pro Hac Vice*)
**DUANE MORRIS**
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: (650) 847-4145
Facsimile: (650) 618-2075
Email: karinehk@duanemorris.com
      DTMcCloskey@duanemorris.com
      PSalceda@duanemorris.com
      DTXue@duanemorris.com

*Attorneys for Defendants GoPro, Inc. and Campsaver, LLC,*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CONTOUR, LLC, a Utah limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>GOPRO, INC., a Delaware corporation, CAMP SAVER, LLC, a Utah limited liability company, dba CAMPSAVER.COM, and DOES 1-500,<br><br>                Defendants. | **GOPRO AND CAMPSAVER'S JOINT REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT AND WILLFUL INFRINGEMENT**<br><br>Civil No. 2:14-cv-00864-CW-DBP<br><br>Judge Clark Waddoups<br>Magistrate Judge Dustin B. Pead |

I.  **INTRODUCTION**

Contour's Opposition cannot disguise that its Second Supplemental and Amended Complaint ("SSAC") is largely boilerplate, making conclusory allegations of indirect and willful infringement that should be dismissed. Despite its protests, Contour burdened the Court and attached 22 exhibits that were not part of its pleading, to show alleged details of its claimed inventions, how GoPro's products allegedly infringe, how GoPro allegedly induces infringement and why Contour believes GoPro has adequate notice of the Patents-in-Suit. None of Contour's exhibits were attached to nor were they specifically referenced in the SSAC, and therefore cannot be considered.[1] Indeed, that Contour felt compelled to submit so much purported evidence in support of its claims just underscores the degree to which such facts were not included in the deficient SSAC.

Similarly, Contour concedes that it lacks any basis for alleging that GoPro and Campsaver knew of the Patents-in-Suit before Contour sued them, but fails to make clear that it is not seeking pre-suit damages. Even under the legal authority Contour cites, it is not entitled to pre-suit damages and its pleading should be clear on this point. In addition, Contour wants this Court to follow those that have perversely allowed the filing of a lawsuit itself to satisfy the requirement of knowledge of the patent for indirect and willful infringement claims. Those cases should not be followed. If such post-suit notification is permitted, the important and substantive requirements of knowledge and willful blindness would be rendered meaningless, as every alleged infringer would have actual knowledge of the patent upon receipt of the complaint.

---

[1] GoPro hereby objects to each of Contour's exhibits in accordance with Fed. R. Civ. P 12(b)(6), the above authorities interpreting it and on the grounds that the exhibits are irrelevant, waste time, lack proper foundation, authentication and are hearsay. *See* Fed. R. Evid. 401, 403, 801, 901.

Contour's approach would not only allow plaintiffs to ignore important substantive requirements of patent law so that claims of indirect and willful infringement could be asserted in every case, but it also discourages any attempt by parties to test and resolve weak claims through pre-suit communications before litigation is commenced. While some courts have allowed post-suit knowledge alone to suffice — and limited indirect infringement claims to post-suit activity — there is ample authority and persuasive reasons that remain as strong as ever for disallowing this flawed practice. This Court should follow such authorities and dismiss Contour's indirect and willful infringement claims.

Contour further hopes that this Court will disregard binding Federal Circuit authority stated in *Seagate* which holds that willful infringement is exclusively grounded in pre-filing conduct, and presupposes pre-filing knowledge of the patent at issue. Contour wants to accrue enhanced damages contrary to established Federal Circuit precedent. There is no justification for departing from *Seagate*.

Contour cites to a number of cases, mostly inapposite, to argue that its claims are sufficiently pleaded because it mentioned the words "advertising" and "instructions." These terms remain generic boilerplate that could be said of any defendant. Contour's lawsuit notwithstanding, the alleged, unspecified ads and instructions cannot credibly be said to have been undertaken with actual knowledge of the Patents-in-Suit and a specific intent to infringe, as alleged. Further, Contour still cannot explain why, if the accused products have no substantial non-infringing uses, Contour alleges that GoPro and Campsaver had to instruct others as to how to engage in infringing uses. And Contour fails to explain why its general allegations frequently fail to mention Campsaver at all, casting doubt on how it could have indirectly infringed,

willfully or otherwise. The SSAC does not plausibly show viable claims of inducement, contributory or willful infringement, and should be dismissed.

## II. ARGUMENT

### A. There Continues to be Ample Authority and Justification for Requiring Pre-Suit Knowledge of the Patents to State Claims for Indirect Infringement.

In its Opposition, Contour goes on at great length arguing that filing a lawsuit should be sufficient to establish that a defendant has knowledge of the patent as required for indirect infringement. *See* Opp'n, at 15-22. While there is a divide on this issue and some courts have allowed post-suit knowledge alone — and limited indirect infringement claims to post-suit activity — Contour ignores its own pleadings and ample authority and persuasive reasons that remain as strong as ever for disallowing this flawed practice.

Contour's extended discussion of post-suit knowledge cases is misleading to the extent it suggests that there is agreement that simply filing suit is enough to state a claim for indirect infringement and that the contrary view is "disappearing." Notably, the same court that Contour claims "resoundingly rejected" the requirement of pre-suit knowledge (*see* Opp'n, at 16) subsequently imposed just such a requirement in another case. *See Unilin Beherr B.V., et al. v. Tropical Flooring et al.*, 2014 U.S. Dist. LEXIS 85955, *10-11, 17-18 (C.D. Cal Jun. 13, 2014) (dismissing indirect infringement and willful infringement claims against two defendants due to lack of pre-suit knowledge). Thus, while there may be a continuing divide among courts, even those in the same district on this issue, the requirement of pre-suit knowledge is not obsolete.

Other courts have recently been emphatic in their rejection of the notion that post-suit knowledge is sufficient to state claims for indirect infringement. In *Orlando Communications v. LG Electronics, Inc.*, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015), the court dismissed indirect

infringement claims where the plaintiff alleged only that filing suit showed knowledge of the patent. *See id.*, at 9, 14 n. 8. The court stated that it "unequivocally" requires pre-suit knowledge, reasoning that: "[i]f post-suit notification were permissible, then the knowledge / willful blindness requirement would be meaningless—*of course* alleged infringers have actual knowledge of the patent(s) at issue once they have received the complaint." *Id*. at 9 (citations omitted.) Rejecting the approach Contour wants to adopt here, the court stressed that:

> '[p]rior to suit' does not mean prior to the current iteration of the Complaint. If, as Plaintiff suggests, failure to allege pre-suit knowledge could be cured merely by filing another complaint (without alleging new facts), then the knowledge requirement would be superfluous.

*Id*. (citations omitted.) Other courts have reached similar conclusions requiring pre-suit knowledge. *See Addiction & Detoxification Inst. L.L.C. v. Aharonov et al*., 2015 WL 17796, *5 (E.D. Mich. Feb. 13, 2015) (dismissing indirect and willful infringement claims because "post-filing knowledge is not sufficient to support such [] claim[s]"); *Addiction & Detoxification Inst. L.L.C. v. Carpenter et al*., 2014 U.S. Dist. LEXIS 106322, *5 (E.D. Mich. Aug. 4, 2014) (dismissing indirect infringement claims because "[p]laintiff ha[d] failed to state facts that allege Defendants had knowledge of the '411 Patent before [the] lawsuit was filed. . . . ").

The reasoning of these cases is sound. If one only needs to file suit to allege a defendant has knowledge of the patent, the knowledge requirement and the Federal Circuit standards applying it are meaningless. Contour's approach does not encourage parties to address and resolve claims before litigation is commenced, as requiring pre-suit knowledge does. Instead, plaintiffs are incented to rush to the courthouse, knowing that the act of filing suit itself can help support their substantive claims.

4

Contour's efforts to negate or distinguish cases cited in GoPro's opening brief are unavailing and further show the comparatively sparse facts in the SSAC. *In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012), there was no effort to obtain damages for pre-suit inducement, as the SSAC wrongfully tries to preserve here. Instead, the case concerned whether reasonable inferences of specific intent to induce infringement could be drawn from a "lengthy and detailed" complaint, unlike Contour's scant pleading here. *See id*., at 1340.

In *Rembrandt Social Media, LP v. Facebook Inc*., 950 F. Supp. 2d 876, 883 (E.D. Va. 2013), the court dismissed claims for pre-suit indirect infringement finding that the grounds for such knowledge were implausible. The court confirmed that no damages can be recovered for pre-filing indirect infringement if the defendant has no knowledge of the patent until after suit is filed. *See id*. Similarly, here there is no basis for alleging that GoPro (or Campsaver) had knowledge of the patents before Contour sued them, and any such claims should be dismissed.

Contour's suggestion that *Fujitsu Ltd. v. Netgear, Inc*., 620 F.3d 1321 (Fed. Cir. 2010) does not concern pre-suit knowledge for indirect infringement is a misreading of the case. The discussion in *Netgear* concerned whether proffered knowledge evidence was sufficient for contributory infringement. *See id*., at 1329-30. There would be no point in having such a discussion if knowledge of the patent were obtained simply from filing suit.

Contour states that *Fujitsu Ltd. v. Belkin International, Inc*., 782 F. Supp. 2d 868 (N.D. Cal. 2011), in which the court rejected indirect infringement claims due to lack of pre-suit knowledge of the patent, "should be seen in light of" *Radwear, Ltd. v. A10 Networks, Inc*., No. C-13-02021-RMW, 2013 WL 5373305, *2 (N.D. Cal. Sept. 24, 2013), in which the court held that filing a complaint could establish the knowledge required for indirect infringement. *See*

Opp'n, at 17. Contour fails to note that, in *Radwear*, the court dismissed the pre-suit infringement claims on the grounds that despite the allegations, there was no allegation that A10 had actual knowledge of the patents before the suit was filed. *See id.*, at *3. The Court further stressed that "if *Radwear* failed to plead pre-suit knowledge of the patents, any claims for indirect infringement would be limited to post-filing activities." *See id.*, at *2.

In any case, if the conflicting decisions in the Central District of California are any guide, the fact that a judge in the same district allowed filing suit to satisfy the knowledge requirement does not resolve the question for all others.[2] While it is clear that courts are divided on this issue, those disallowing the perverse practice of allowing litigation to itself satisfy the knowledge requirement are more persuasive and should respectfully be followed by this Court.

### B. If Allowed, Contour's Indirect Infringement Claims are Limited to Post-Filing Conduct and Any Purported Pre-Suit Claims Should be Dismissed.

The SSAC implies that GoPro has pre-suit knowledge, claiming that GoPro has known of the Patents-in-Suit since "*at least* January 5, 2015" (emphasis added), the date Contour sued GoPro. *See* Dkt. 29, ¶ 17. However, Contour pleads no facts to indicate any basis for pre-suit knowledge by GoPro (or Campsaver). The Patents-in-Suit were not even issued until November 2014, shortly before Contour filed this lawsuit, further revealing the emptiness of Contour's effort to hedge its bets by suggesting GoPro may have known of the patents before this lawsuit. Contour should not be allowed to suggest such knowledge in the absence of any pleaded facts. Thus, at a minimum, any claims for pre-suit indirect infringement must be dismissed.

---

[2] Indeed, Contour cites *Execwear, LLC v. Staples, Inc.*, No. 11-836-LPS-SRF, 2012 WL 6138340, *4-5 (D. Del. Dec. 10, 2012), an unpublished case in which the court acknowledged that decisions on the issue of pre-suit knowledge were divided within its district.

Contour does not even bother to allege that Campsaver had knowledge of the patents at any time, and apparently now concedes that Contour is only asserting a claim for contributory infringement claim against Campsaver. *See* Opp'n, at 18. That the SSAC is devoid of any allegations of Campsaver's knowledge despite the multiple iterations of Contour's complaint underscores just how incidental Campsaver is to this suit.[3] Contour's other allegations that refer to Campsaver are boilerplate and conclusory and do not state plausible claims. *See* Opp'n, at 18. *See Iori Techs., Inc. v. Luminex Corp.*, No. 13-CV-2647-BEN (NLS), 2014 WL 769435, *5 (S.D. Cal. Feb. 25, 2014) (dismissing contributory infringement claims based on boilerplate recitation of claim elements). Contour's claim against Campsaver should be dismissed.

Further, while there is disagreement about whether filing suit can show knowledge of the patents, there is broad consensus that, in courts that have allowed them, any claims based only on such post-filing knowledge are limited to post-filing conduct. *See Radwear*, 2013 WL 5373305, at *2 ("any claims for indirect infringement would be limited to post-filing activities"); *Rembrandt*, 950 F. Supp. 2d at 882 ("damages would be limited to the post-filing period"). Thus, even if the Court is inclined to allow Contour's indirect infringement claims to move forward as currently pleaded, the claims and any damages are limited to those that can be shown after the date of knowledge alleged in the SSAC, *i.e.*, January 5, 2015.

C. **The Federal Circuit Requires Pre-Suit Knowledge for Willful Infringement, and Contour Has Pleaded No Facts That Would Exempt It.**

Contour argues that it should not be barred from alleging that GoPro and Campsaver willfully infringe even though they did not know of the patents until Contour filed suit and even

---

[3] Contour's comments about proper venue and jurisdiction are irrelevant. *See* Opp'n, at 2 n. 1. Suing Campsaver -- a local, downstream retailer of GoPro products – suggests an effort to try to preempt a motion to transfer to a more convenient forum, a motion that is not waived by answering suit. *See* Dkt. 41, at 2.

7

though Contour did not seek an injunction to stop the alleged infringement. *See* Opp'n, at pp. 19-22. Contour tries to evade the requirement of pre-suit knowledge stated in *In re Seagate Tech., LLC*, 479 F.3d 1360 (Fed. Cir. 2007), which courts have followed for years, asserting this Court should instead follow district courts that do not require pre-suit knowledge. Contour's misreading of these cases cannot save its fatally deficient willful infringement claims.

In *Seagate*, the Federal Circuit held that plaintiffs should not be permitted to accrue enhanced damages for willful infringement "based solely on post-filing conduct". *See Seagate*, 479 F.3d at 1374. The court's reference to an "original complaint" does not mean, as Contour asserts, that the lack of pre-suit knowledge can be addressed by amending the complaint to "capture" knowledge based on its filing. *See* Opp'n, at 19. To allow such form over substance would undermine the rule's purpose. *See Rembrandt*, 950 F. Supp. 2d at 884 ("To conclude otherwise would lead to the anomalous result that every lawsuit alleging infringement could include a willful infringement claim based on simply the filing or the serving of the complaint.").

Contour cites several inapposite cases it claims hold that *Seagate* does not always bar willfulness claims based solely on post-filing conduct in which the plaintiff did not seek an injunction. *See* Opp'n, at pp. 19-20. *See Affinity Labs of Tex., LLC v. Alpine Elecs. Of Am., Inc.*, No. 9:08-cv-171, 2009 WL 9091275, *4 (E.D. Tex. Sept. 2, 2009) (in which, unlike here, the parties agreed that the plaintiff's willfulness allegations were adequate, but disagreed as to whether *Seagate* imposed a *per se* rule barring post-filing willfulness claims absent an injunction); *ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, 592 F. Supp. 2d 1208, 1227 (N.D. Cal. 2008) (court held only that *Seagate* "did not hold that only conduct after the patentee files for a preliminary injunction may be considered as the basis of a willfulness

claim."); *Clouding IP, LLC v. Google Inc.*, C.A. No. 12-639-LPS, 2013 WL 5176702, *1 (D. Del. Sept. 16, 2013) (allowing departure from *Seagate* in part based on plaintiff's status as a non-practicing entity – which Contour claims it is not).

Such cases indicate that "certain extenuating circumstances may exist to allow a plaintiff to sustain a claim of post-filing willful infringement despite the plaintiff's failure to first seek a preliminary injunction." *See Webmap Techs., LLC. v. Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 WL 3768097, *3 (E.D. Tex. Sept. 10, 2010). In *Webmap*, the court noted that "[t]hose circumstances include a material change that could create an objectively high likelihood of infringing a valid patent, such as a patent surviving reexamination proceedings without narrowed claims," as in *St. Clair Intellectual Prop. Consultants, Inc. v. Palm, Inc.*, No. 06-404-JJF-LPS, 2009 WL 1649751, *1 (D. Del. Jun. 10, 2009), cited by Contour. *See id.* Contour pleads no such extenuating circumstances and none justify departing from *Seagate*'s rule. Further, the Federal Circuit has not indicated that *Seagate* is "dicta," and as other courts have noted, it "accurately reflects the Federal Circuit's general rule." *Webmap Techs.*, 2010 WL 3768097 at *4.

Contour relies heavily on two cases that essentially make policy arguments against applying *Seagate* to bar willfulness claims such as Contour's, arguing that adhering to the rule could allow defendants to avoid accountability for continuing infringement. *See* Opp'n, at pp. 20-21. However, under *Seagate*, plaintiffs can still seek to enjoin post-filing conduct. Contour has not done so, preferring to let enhanced damages accrue, precisely what *Seagate* disallows.

Contour suggests that this Court is free to simply disregard *Seagate* and decline to follow courts such as *Rembrandt* that have consistently followed it. *See* Opp'n, at 19. Since Federal

9

Circuit precedent is binding on this issue, this Court must follow *Seagate*. Contour pleads no extenuating circumstances, and has offered no basis for departing from *Seagate*'s general rule barring post-filing willfulness claims. Accordingly, Contour's willfulness claims should be dismissed.

### D. Contour's Indirect and Willful Infringement Claims are Generic Boilerplate and Should be Dismissed.

Contour devotes many pages to arguing that its bare allegations of indirect and willful infringement should survive, even absent pre-suit knowledge. *See* Opp'n, at pp. 25-33. Contour's arguments fail. Indeed, the SSAC is so plainly deficient that Contour felt it necessary to improperly submit 22 exhibits with its Opposition to try to show facts the SSAC does not.[4]

First, while GoPro has not disputed that Form 18 governs direct infringement claims, courts disagree that such a rule is well-reasoned, as permitting plaintiffs to plead minimal allegations is contrary to the Supreme Court's plausibility requirements in *Iqbal*. *See Macronix Intern. Co., Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 801-04 (E.D. Va. 2014) ("There is no logical reason to exempt patent complaints from the plausibility requirements that apply to all other federal complaints.") Regardless, Contour's indirect and willful infringement allegations are not subject to Form 18 and are unequivocally judged by the plausibility standard of *Iqbal*.

Second, while Contour concedes that it must meet *Iqbal*'s plausibility requirement to state indirect infringement claims, its citation to other cases in which supposedly similarly bare allegations passed muster does not survive scrutiny. *See* Oppo'n, at pp. 26-28; *Netgear, Inc. v.*

---

[4] While GoPro is not required to respond to Contour's improper evidence, the speciousness of the related arguments is remarkable. For example, Contour asserts that GoPro's filing of an *Inter Partes* Review to challenge the validity of the Patents-in-Suit somehow validates the sufficiency of the SSAC. *See* Opp'n, at 9. That GoPro is so certain Contour's patents are invalid has nothing to do with whether the SSAC sufficiently pleads claims for indirect and willful infringement, including whether GoPro and Campsaver had pre-suit knowledge. Further, GoPro made it clear when Contour sought to amend its pleading to file the SSAC that the SSAC remained deficient. *See* Dkt. 24.

*Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470 (D. Del. 2012) (unlike here, allegations of specific intent were based in part on allegations that defendant had "long" known of the patent and had previously licensed it); *Nomadix, Inc. v. Hospitality Core Servs. LLC*, No. CV 14-08256 DDP (VBKx), 2015 WL 152557, *3 (C.D. Cal. Apr. 3, 2015) (unlike here, allegations of specific intent were sufficient when "taken together" with other allegations regarding requirements for infringing use). The SSAC is primarily conclusory boilerplate that cannot suffice to plausibly plead the specific intent and other circumstances required for indirect and willful infringement claims.

GoPro has not mischaracterized Contour's minimal allegations of specific intent. *See* Oppo'n, at 27. Contour's allegations that GoPro induces infringement by advertising and instructing others remain conclusory boilerplate that could be said of any defendant. Contour's lawsuit notwithstanding, the alleged, unspecified ads and instructions cannot credibly be said to have been undertaken with actual knowledge of the Patents-in-Suit and a specific intent to infringe, as alleged. Contour's references to facts outside the SSAC and that GoPro "knows it has a website" are improper, irrelevant and should be disregarded. *See* Opp'n, at 28.

Contour still cannot explain why, if the accused products have no substantial non-infringing uses, Contour alleges that GoPro and Campsaver had to instruct others as to how to engage in infringing uses. *See* Opp'n, at 27; Dkt. 29 at ¶¶ 59, 79. Drawing inferences in favor of the plaintiff does not mean deficiencies evident on the face of the pleading should be ignored, as Contour argues. *See* Opp'n, at 29. Further, *Bill of Lading* and *Driessen v. Sony Music Entertainment* (*Driessen II*), No. 2:09-cv-0140-CW, 2013 WL 4501063, * 2 (D. Utah Aug. 22, 2013) confirm that dismissal of a contributory infringement claim is proper if the pleading

"undermines" its own allegation of no substantial non-infringing uses. While Contour is not required to plead a "null set," by failing to specify any facts to show what an infringing use is and suggesting that instructions are required for such use, the SSAC undermines Contour's conclusory allegation that no substantial non-infringing uses exist.

Contour's Opposition only confirms that its contributory infringement allegations are deficient. In *CAO Group, Inc. v. Sybron Dental Specialties, Inc*., No. 2:12–CV–1062 DN–DBP, 2014 WL 119134, *3 (Jan. 10, 2014), this Court dismissed similarly pleaded allegations where plaintiff only identified the accused products (not any specific components) and stated without detail that they had no non-infringing uses. *See id*. Here, as well, the SSAC does not identify a material component and instead vaguely cites "camera products," "software" and "camera mounts" when "used in combination with the GoPro cameras with wireless capability." Dkt. 29, ¶¶20-21. Further, Contour's non-precedential cases are distinguishable because the plaintiffs there provided vastly more detail than the SSAC regarding the accused products' material components. Contour's comparatively sparse allegations must be rejected.

Finally, Contour asserts that its willful infringement claims, which are based only on Defendants' supposed notice of the Patents-in-Suit from the SSAC, are sufficient. *See* Opp'n, at 33. Other courts require more. Thus, "[a]t the pleading stage, a plaintiff alleging a cause of action for willful infringement must 'plead facts giving rise to at least a showing of objective recklessness of the infringement risk.'" *Spherix Inc. v. Cisco Sys., Inc*., Civ. No. 14-393-SLR, 2015 WL 1517435, *2 (D. Del. Mar. 31, 2015) (citation omitted.) Contour has failed to plead such facts and its willfulness claims should be dismissed.

## III. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Contour's indirect and willful infringement claims, with prejudice.

Dated: June 15, 2015

Respectfully submitted,

/s/ *David R. Wright*
David R. Wright
Michael J. Howell
MASCHOFF BRENNAN
Counsel for GOPRO, INC.

DM2\5670684.4

13