David R. Wright (Utah Bar. No. 5164)
Michael J. Howell (Utah Bar. No. 11672)
**MASCHOFF BRENNAN**
201 South Main Street, Ste. 600
Salt Lake City, UT 84111
Telephone: (435) 252-1360
Facsimile:  (435) 252-1361
E-mail:  dwright@mabr.com
             mhowell@mabr.com

Karineh Khachatourian (*Admitted Pro Hac Vice*)
Daniel T. McCloskey (*Admitted Pro Hac Vice*)
Patrick S. Salceda (*Admitted Pro Hac Vice*)
David T. Xue, Ph.D. (*Admitted Pro Hac Vice*)
**DUANE MORRIS**
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: (650) 847-4145
Facsimile: (650) 618-2075
Email:  karinehk@duanemorris.com
           DTMcCloskey@duanemorris.com
           PSalceda@duanemorris.com
           DTXue@duanemorris.com

*Attorneys for Defendants GoPro, Inc. & Camp Saver, LLC*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONTOUR, LLC, a Utah limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>GOPRO, INC., a Delaware corporation, CAMP SAVER, LLC, a Utah limited liability company, dba CAMPSAVER.COM, and DOES 1-500,<br><br>         Defendants. | **DEFENDANTS' MOTION TO STAY CASE PENDING RESOLUTION OF *INTER PARTES* REVIEW**<br><br>Civil No. 2:14-cv-00864-CW-DBP<br><br>District Judge Clark Waddoups |

I.  **RELIEF SOUGHT AND GROUNDS FOR MOTION**

Defendants GoPro, Inc. and Campsaver, LLC (collectively, "Defendants") respectfully request that the Court exercise its discretion to stay this lawsuit pending resolution of the *inter partes* review (IPR) proceedings concerning both of the patents-in-suit, U.S. Patent Nos. 8,890,954 B2 (the "'954 Patent") and 8,896,694 B2 (the "'694 Patent"). Defendants further request that the Court hear this Motion together with Defendants' pending Joint Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement, on January 12, 2016.

II. **INTRODUCTION**

Defendants seek a stay of this case pending a final decision on IPRs that cover both of the patents-in-suit. Specifically, the IPRs cover all 20 claims in the '694 Patent and 21 of 30 claims in the '954 Patent (nos. 1-2 and 11-30). A stay will allow the parties to limit unnecessary and counterproductive litigation costs over patents and claims that may not survive. Each of the relevant factors strongly favor granting a stay.

The IPR proceedings are likely to simplify or even eliminate most, if not all, issues before this Court. The Patent Trial and Appeals Board ("PTAB") instituted the IPRs because it agreed that there is a reasonable likelihood that GoPro will succeed in showing that all of the claims in the '694 Patent and the vast majority of the claims in the related '954 Patent are unpatentable (the remainder are means plus function claims that are rarely assertable alone.) Indeed, to date, the PTAB has canceled 84% of the claims it has reviewed in IPRs. The PTAB could cancel all or most of the claims under review, leaving few, if any, issues to litigate in this case. Even if only some claims are invalidated, the scope of discovery may be significantly

narrowed. This litigation should be stayed so that the parties and the Court do not waste time on claims and issues that may be mooted by the IPRs.

This case is still in the early stages, and indeed, the Court has already stayed the patent local rule disclosures and other dates pending the Court's ruling on Defendants' Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement, to be heard on January 12, 2016. No discovery has taken place and no trial date has been set. A stay will not unduly prejudice Plaintiff. Rather, a stay will narrow the issues and spare the parties and the Court the expenses that would otherwise be incurred litigating claims that may be amended or canceled during the IPR proceedings. Thus, for the reasons further explained below, this Motion should be granted.

III. **RELEVANT FACTS**

This patent case remains in its early stages. No discovery or disclosures have taken place and no case management schedule or trial date has been entered.

On June 16, 2015, this Court granted the parties' Joint Motion to Stay Pending Dates, ordering that "[a]ll pending deadlines, including those imposed by the Local Patent Rules are stayed pending the Court's ruling on Defendants' Joint Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement." D.I. 49. The Court is scheduled to hear Defendants' Joint Motion to Dismiss on January 12, 2016, at 3:00 p.m. *See* D.I. 52.

On October 28, 2015, the PTAB granted GoPro's petitions and agreed to institute IPRs of all 20 claims in the '694 Patent and 21 of the 30 claims of the '954 Patent (nos. 1-2 and 11-30). *See* Request for Judicial Notice ("RJN"), Exs. A and B [IPR Institutions for '954/'694 Patents].[1]

IV. **ARGUMENT**

    A.    The Court Should Stay this Case Pending Resolution of the IPRs.

The Court has discretion to grant a motion to stay based on consideration of the following factors: "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties." *Lifetime Prods., Inc. v. Russell Brands, LLC*, 1:12-CV-26 DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013); *see also Destination Maternity Corp. v. Target Corp.*, CV 12-5680, 2014 WL 1202941, at *2 n.4 (E.D. Pa. Mar. 24, 2014) ("Although courts originally adopted this multi-factor test to analyze motions to stay pending inter partes reexamination, courts recognize that the same test applies to decisions whether to grant a motion to stay pending inter partes review.") "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings." *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, 2:08CV879DAK, 2009 WL 2999036, at *2 (D. Utah Sept. 18, 2009).

In this case, each of the three factors weighs strongly in favor of a stay pending final resolution of the IPRs.

---

[1] Although Campsaver is not a party to the IPR proceedings, by way of this Motion Campsaver agrees to be bound, for estoppel purposes in this litigation, by the results of the IPRs. Even if Campsaver were not willing to be so bound, stay would still be appropriate here. In *Intellectual Ventures II LLC v. Huntington Bancshares Inc.*, Case No. 2:13-cv-00785, 2014 U.S. Dist. LEXIS 78753 (S.D. Ohio Jun. 10, 2014), the Court rejected arguments against stay, stating "it would defy common sense for this litigation to proceed alongside the IPR proceedings simply because Defendants are not statutorily prohibited from raising the same or similar arguments as IPR petitioners." *Id*. at *12.

4
DM2\6316530.3

1. *Granting a Stay Would Likely Simplify the Issues before the Court*.

The IPR proceedings have the potential to moot many of Plaintiff's claims in this suit through cancellation or amendment of the claims under review. For the PTAB to institute an IPR it has to find that there is a reasonable likelihood that the challenging party will prevail in showing the claims are not patentable. *See* 35 U.S.C. § 314(a). It is therefore unsurprising that the PTAB cancels the vast majority of the claims it considers in IPRs. *See* Harness Dickey, Report on Litigation Practice Before the United States Patent Office, Vol. 10 (Aug. 4, 2015), http://ipr-pgr.com/wp-content/uploads/2015/08/IPR-PGR-Report-Vol.-10.pdf, at 2 (84% of claims subject to IPR canceled). Indeed, it is highly likely that many of the claims here will be cancelled. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, CV 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) ("the stricter standard for instituting such review suggests a greater likelihood that the PTO will cancel at least some of the challenged claims"). Thus, the IPRs could moot the '694 Patent altogether and most claims in the '954 Patent.[2] Even if only some claims are invalidated, the scope of discovery may be significantly narrowed.

The issues for this Court will also be simplified if Plaintiff amends any claims during the IPR proceedings. Amendments may eliminate any basis that Plaintiff has to continue this suit. Amendment to the claims could also create intervening rights, which would simplify the case by limiting any damages should the patents survive the IPRs. In the absence of a stay, claim

---

[2] That not every single claim of the '954 Patent is part of the IPR does not diminish the likelihood that the IPRs will simplify the issues in this case. *See Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C–14–1575 EMC, 2014 WL 3107447, *5 (N.D. Cal., July 3, 2014) (granting stay where patents were related, noting that "[e]ven though not all claims are in IPR, the value of simplification still obtains.") Here, every claim in the '694 Patent and a supermajority of the claims in the related '954 Patent are under review in the IPRs. Thus, there remains a strong likelihood that the IPRs will simplify this case and a stay is warranted.

construction by this Court that took place pre-amendment could be rendered moot, and discovery would likely be extended for any new or altered terms of any amended claims.

Even if some claims survive review by the PTAB in their current form, the IPR proceedings are likely to significantly streamline the issues in this case. Granting a stay will simplify this case by "prevent[ing] the court from wrestling with an evolving prosecution history and changing or additional claim terms during the claims construction process, or worse, after it is complete." *Lifetime Prods., Inc.*, 2013 WL 5408458, at *3. Furthermore, the proceedings may provide the Court with "a richer prosecution history upon which to base necessary claim construction determinations or reconsideration." *C.R. Bard, Inc. v. Med. Components, Inc.*, 2:12-CV-00032-RJS-EJF, 2012 WL 6574663, at *1 (D. Utah Dec. 17, 2012) (quoting *In re Cygnus Telecomm. Tech., LLC*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005)); *see also Icon Health & Fitness, Inc. v. Park City Entm't, Inc.*, Nos. 1:10–CV–195 DAK, 2:10–CV–1264 DAK, 2011 WL 5239733, at *2 (D. Utah Nov. 1, 2011) ("Courts have recognized that the reexamination process is beneficial in the simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.")

The potential for IPR proceedings to streamline the issues is especially great where, as here, all of the asserted patents are very closely related. Indeed, the '694 Patent is a continuation of the '954 Patent, their applications are similar and each names the same inventors. Further, these patents share claim terms and each of the IPR petitions that have been instituted have relied on the same invalidating prior art. *See* RJN, Exs. A and B.

DM2\6316530.3

The high likelihood that claims will be invalidated, combined with the useful analyses that will likely emerge from the PTAB, make it is almost certain that a stay will eliminate or simplify issues before the Court.

2. *The Early Stage of the Litigation Favors Stay.*

This case is in its very early stages – no discovery, disclosures or other substantive activity has taken place as case deadlines have been stayed pending resolution of Defendants' Motion to Dismiss, which will be heard January 12, 2016. *See* D.I. 49, 52. No trial date has been set.

That this case is in such an early stage weighs heavily in favor of a stay. *See, e.g., [Lifetime Prods., Inc.](.)*, 2013 WL 5408458, at *2 ("Although this case was on the cusp of claims construction, in light of the recent amendments to each of the Patents, and the potential for future amendments, construing claims is premature. Engaging in claims construction now while the Patents' prosecution history continues to evolve would be a needless waste of the court's and the parties' resources."); *[Buttercup Legacy LLC v. Michilin Prosperity Co.](.)*, 2:11-CV-262 TS, 2012 WL 1493947, at *1 (D. Utah Apr. 27, 2012) (granting stay where discovery was not complete); *[C.R. Bard, Inc.](.)*, 2012 WL 6574663, at *2 ("This case is still in the very early stages of discovery. The Court has set no trial dates. The early stage of the litigation favors granting the stay."); *[Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC](.)*, C 12-00068 JSW, 2013 WL 752474, at *2 (N.D. Cal. Feb. 27, 2013) ("early stage of a litigation weighs in favor of granting a stay . . . Claims construction briefing has not yet been filed, discovery has started but is not completed, and this case has not been set for trial yet.")

7
DM2\6316530.3

3.  *A Stay will not Prejudice Plaintiff and will Benefit the Parties and the Court.*

The "delay inherent in the reexamination process does not constitute, by itself, undue prejudice." *Buttercup Legacy*, 2012 WL 1493947, at *1 (citing *Pool Cover Specialists Nat., Inc.*, 2009 WL 2999036, at *2); *see also Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, 2014 WL 5019911, at *3 ("any delay that may occur while the PTAB review is processed is outweighed by the benefits of awaiting PTAB review").

Furthermore, IPRs provide for expedited review, limiting any potential prejudice caused by a stay. IPRs are decided within twelve months after they are instituted by the PTAB, and decisions are appealable directly to the Federal Circuit. 35 U.S.C. § 316(a)(11) and 37 C.F.R. § 42.100; 35 U.S.C. §§ 319, 141. Therefore, the IPR process is much less likely to cause prejudicial delay than the old reexamination proceedings, which could take several years and were appealed to the PTAB before the Federal Circuit. The expediency of IPRs as compared with reexamination mitigates any potential prejudice caused by a stay. *See Star Envirotech, Inc. v. Redline Detection, LLC*, SACV 12-01861 JGB, 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) ("the delay here is minimized, as the 'delay caused by the new IPR procedure is significantly less than the delay caused by the old procedure.' Thus, the Court finds that Plaintiff has not shown that it would be unduly prejudiced by delay.") (citations omitted.) Thus, this factor also favors granting the requested stay of this case.

V. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion to Stay. Defendants further request that the Court hear this Motion together with

8

Defendants' pending Joint Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement, on January 12, 2016.

Dated: November 23, 2015

Respectfully submitted,

/s/ *David R. Wright*
David R. Wright
Michael J. Howell
MASCHOFF BRENNAN

Karineh Khachatourian
Daniel T. McCloskey
Patrick S. Salceda
David T. Xue, Ph.D.
DUANE MORRIS

*Counsel for GoPro, Inc. & Camp Saver, LLC*